UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **GARRETT MJ TALIF SOREZO,**<br>Plaintiff,<br><br>vs.<br><br>**KAMALA HARRIS and BARACK OBAMA,**<br>Defendants | 2:23-CV-12098-TGB-EAS<br><br>Hon. Terrence G. Berg<br><br>**OPINION AND ORDER DENYING THE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS, AND DISMISSING WITHOUT PREJUDICE THE CIVIL RIGHTS COMPLAINT** |

## I. INTRODUCTION

Michigan prisoner Garrett MJ Talif Sorezo ("Plaintiff"), currently confined at the Parnall Correctional Facility in Jackson, Michigan, has filed a pro se civil rights complaint and an application to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). In his complaint, which is difficult to follow, he seems to raise claims concerning the use of his former name, Melvin Frazier Jr., and satellite or radio transmissions. He names Vice President Kamala Harris and former President Barack Obama[1] as the defendants in this action and sues them

---

[1] Defendants' first names are misspelled in the case caption and

1

in their official and individual capacities. He seeks monetary damages.

Having reviewed the matter, the Court denies the application to proceed without prepayment of fees or costs and dismisses the civil rights complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1996, a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous,

---

complaint. ECF No. 1. By this Order, the case caption shall be changed to reflect the correct spellings.

2

malicious, or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provisions of § 1915(g)").

The Court's records reveal that Plaintiff has filed at least three prior civil actions or appeals which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *See, e.g., Sorezo v. Main*, No. 2:22-CV-13098 (E.D. Mich. July 18, 2023); *Sorezo v. Smith*, No. 2:22-CV-12849, 2023 WL 162196, at *3 (E.D. Mich. Jan. 11, 2023); *Sorezo v. Grainge*, No. 2:23-CV-10046 (E.D. Mich. Jan. 19, 2023); *Sorezo v. White House*, No. 2:22-CV-12494, 2022 WL 17361958, at *3 (E.D. Mich. Dec. 1, 2022), *app. dism'd*, No. 23-1094, 2023 WL 3214525 (6th Cir. Feb. 6, 2023); *Sorezo v. Buckingham Palace*, No. 1:22-CV-12540 (E.D. Mich. Oct. 25, 2022). He has also been informed that he is a "three-striker" and has had at least one case dismissed on such a basis. *See, e.g., Sorezo v. Murthy*, No. 1:22-CV-12851 (E.D. Mich. July 31, 2023).

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he can demonstrate that he is

3

"under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To fall within the statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is "real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). Plaintiff makes no such allegations that fall within the exception to the three strikes rule. Consequently, he is not allowed to proceed without prepayment of the filing fee for this action.

### III. CONCLUSION

The Court concludes that Plaintiff has filed at least three previous actions or appeals which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted and that he fails to show that he is under imminent danger of serious physical injury to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g). Accordingly, the Court **DENIES** the application to proceed without prepayment of fees or costs and **DISMISSES** the civil rights complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the

filing of a new complaint with full payment of the $350.00 filing fee and the $52.00 administrative fee for a total of $402.00.

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this decision and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). This case is closed.

**IT IS SO ORDERED**.

s/Terrence G. Berg
HON. TERRENCE G. BERG
United States District Judge

Dated: August 24, 2023